The Court

overruled the objection without hearing a reply. Bills of particulars are somewhat new in our practice, and arise under the Revised Code. But as the object of them is to specify the plaintiff’s claim, and to apprise the opposite party of the distinct' grounds and several items of the demand, evidence of a new claim, or of a distinct matter not embraced in the bill of particulars, cannot be allowed, on the ground of surprise to the other side. That, however, would not preclude the proof of the aggregate of the bill of particulars and of the whole demand in the mode adopted with the witness.
The plaintiff having closed'his evidence, the counsel for the defendants submitted a motion for a nonsuit. First, *29 because the plaintiff owned the land on which the church was built until some time after it was commenced, and he had not proved any indebtedness on the part of the defendants to him for the church; and secondly, because he had no legal claim against the defendants in them corporate capacity for the debts contracted by him on account of the cemetery, previous to their incorporation by the Legislature. The only remedy which he could have under the provisions of the charter was in equity, to enforce his claim and lien specifically against the proceeds of the sales of the lots of the cemetery.
The counsel for the plaintiff denied that the only remedy was in equity, if there was any such relief at all in the case, and argued that the remedy provided in the- sixth section of the charter was cumulative merely, and did not impair the right of the plaintiff to maintain the present action against the company under the general clause, which secures to all persons who have legal claims against it, the right to sue the corporation.

By the. Court:

The decision of the question presented by the motion for a nonsuit depends on the construction to be given to the sixth section of the charter. If the plaintiff has any claim against the company, under the provisions of the charter referred to, it must be a legal claim, for it is given by statute, with the effect and operation of a lien on the proceeds of the sales of the lots of the. cemetery; and there is no provision in the act for the recovery of the claim in chancery, as there probably would have been had such been intended. We think one of the objects of the sixth section of the charter was to give a legal claim, and of course a remedy at law, against the company after its incorporation, to any one of the managers who had already contracted debts, or made pecuniary advances for the use and benefit of the cemetery, to be paid out of the proceeds of the sales of burial lots in it; and the company has accepted the charter with this provision contained in it, and, *30 by implication at least, has assented to it. We, therefore, think the present action may be maintained for any such debts contracted or advances made on account of the cemetery. But there is nothing in the charter of this company that imposes any obligation upon it to reimburse to any one expenses incurred by him in the erection of the church, and there can be no recovery in this action for any such expenses.
Motion for nonsuit refused.
Mr. Bayard then called a witness to prove'the execution and delivery of the deed by Alexander Stephens to the company for the ground on which the cemetery was laid out, and of the bond to him by the company for two thousand dollars, and that the bond was accepted by him at the time in lieu of all claims which he had against the company.
Mr. Rogers objected to the latter statement of the witness, because it was inadmissible as evidence to add by paroi proof to the agreement of the parties contained in the bond, which is not simply a bond for the payment of money, but which embodies and contains a special agreement also between the parties in regard to a portion of the subject-matter.
Mr. Bayard: The proof offered does not vary or add to the meaning or terms of the bond, or anything contained in it.

The Court

overruled the objection, and remarked that there was nothing in the objection or in the bond to bring it within the rule of evidence referred to. So far as this case was concerned, it was simply a bond for the payment of two thousand dollars by the company to the plaintiff without any consideration expressed for which it was given. The evidence proposed does not contradict, vary, or add to the terms of the bond, but is entirely consistent *31 with it. Besides, such would be the presumption in law, in the absence of any proof to the contrary. •
Wm. H. Rogers, for plaintiff.
J. A. Bayard, for defendants.
The case then went to the jury, .and the defendants had a verdict.